# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 23, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| E.H., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-126V |
| v. | * | |
| | * | Special Master Dorsey |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Motion for Redaction. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC, for Respondent.

### ORDER GRANTING PETITIONER'S MOTION FOR REDACTION[1]

On September 13, 2022, Petitioner filed a motion to redact the undersigned's August 31, 2022 Decision Based on Stipulation. Petitioner's Motion to Redact ("Pet. Mot."), filed Sept. 13, 2022 (ECF No. 146). For the foregoing reasons, Petitioner's motion is **GRANTED**.

## I.     RELEVANT PROCEDURAL HISTORY

On January 27, 2017, E.H. ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as the result of a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website. **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

administered on March 29, 2016, she suffered brachial neuritis. Petition at Preamble (ECF No. 1).

On August 31, 2022, the undersigned issued a Decision Based on Stipulation. Decision dated Aug. 31, 2022 (ECF No. 145). On September 13, 2022, Petitioner filed a motion to redact her name from the Decision and attached Stipulation. Pet. Mot. at 1. In support of this request, Petitioner states because she is a licensed Doctor of Physical Therapy ("DPT"), she "is fearful that her employer may take action against her if the employer, or her colleagues, are aware of the nature and/or amount of her vaccine award." Id. at 4. Additionally, "[P]etitioner may need to find new employment if she is physically unable to continue the duties associated with her current position" and the published Decision and Stipulation "will likely have a detrimental effect on [P]etitioner's ability to find other work in her chosen field if future employers discover she has already received a significant sum for lost wages." Id. at 2.

Respondent filed a response on September 14, 2022, outlining the standards for a motion for redaction and "defer[ring] to the sound discretion of the Special Master to determine which remedy strikes the appropriate balance between the public and private interests in this instance. Response to Pet. Mot. ("Resp. Response"), filed Sept. 14, 2022, at 5 (ECF No. 147). While Respondent did not object to granting the redaction, Respondent questions the type of redaction relief Petitioner is seeking as she did not request a particular method such as replacing Petitioner's name with her initials or 'Jane Doe'. Resp. Response at 1 n.1. Additionally, Respondent notes "the general basis for the requested redaction conflicts with the evidence [P]etitioner produced and arguments made to support her claim for lost earnings for which [R]espondent relied upon for settlement." Id. at 1 n.2.

Petitioner filed a reply on September 21, 2022, addressing Respondent's concerns. Pet. Reply to Resp. Response ("Pet. Reply"), filed Sept. 21, 2022 (ECF No. 148). First, "Petitioner requests any method that completely conceals her identity be employed by the Special Master" and ultimately "defer[s] to the Special Master as to the best method to completely conceal [P]etitioner's identity." Id. at 2. Petitioner denies the general basis for the requested redaction "conflicts with the evidence" by arguing that both parties' experts evaluated her ability to perform her current job and interviewed Petitioner's employer and colleagues. Pet. Reply at 3. Petitioner is fearful her employment could be at stake if they "become aware of the nature and/or amount of her vaccine award." Likewise, Petitioner argues "her chances of obtaining another job . . . could be negatively affected if a future employer discovers she has been awarded a substantial sum for lost wages, past and/or future." Id.

This matter is now ripe for adjudication.

## II. DISCUSSION

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act. See § 12(d)(4)(B). That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." Id. What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health &

Hum. Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013).  While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause.  Id. at 461.  In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale."  Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioner's names, which are not similarly protected automatically, may also be redacted if the petitioner establishes proper grounds for redaction.  See R.V. v. Sec'y of Health & Hum. Servs., No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call.").  The undersigned will permit redaction in cases, such as this, where a specialized showing is made.

The facts and circumstances of this case warrant redaction of Petitioner's name.  Petitioner made an adequate showing for redaction.  **Accordingly, Petitioner's motion to redact her name in the decision based on stipulation is GRANTED.**

The public version of the decision based on stipulation shall be redacted to include only Petitioner's initials, E.H.  Moreover, the undersigned further directs the clerk to amend the case caption[3] to the following:

```
* * * * * * * * * * * * * * *  *
E.H.,                           *
                                *
            Petitioner,         *
                                *
v.                              *
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
            Respondent.         *
                                *
* * * * * * * * * * * * * * *  *
```

**IT IS SO ORDERED.**

---

[3] If either party objects to the undersigned's redaction of the case caption, a motion requesting the undersigned to reconsider redaction of the case caption may be filed.

                                                **<u>s/Nora Beth Dorsey</u>**
                                                Nora Beth Dorsey
                                                Special Master