# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Originally Filed: August 31, 2022
Refiled in Redacted Form: October 19, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| E. H., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 17-126V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Decision Based on Stipulation; Table Claim; |
| AND HUMAN SERVICES, | * | Tetanus-Diphtheria-Acellular Pertussis |
| | * | ("Tdap"); Brachial Neuritis. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

<u>Leah VaSahnja Durant</u>, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
<u>Colleen Clemons Hartley</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION BASED ON STIPULATION[1]

On January 27, 2017, E.H. ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as the result of a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on March 29, 2016, she suffered brachial neuritis. Petition at Preamble (ECF No. 1).

On August 30, 2022, the parties filed a stipulation recommending an award of compensation to Petitioner. Stipulation (ECF No. 144). On August 3, 2017, Respondent filed

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

his Rule 4(c) report noting that Petitioner sustained the onset of brachial neuritis within the time period set forth in the Table following administration of the Tdap vaccine, and experienced the residual effects of her injury for more than six months. Stipulation at ¶ 4. There is not a preponderance of the evidence demonstrating that Petitioner's brachial neuritis and its residual effects were due to a factor unrelated to the Tdap vaccine. Id. at ¶ 5. Accordingly, Petitioner is entitled to compensation under the terms of the Vaccine Program for her Table injury. Id. at ¶ 7. The parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

**(1) A lump sum of $1,067,510.17, which amount represents compensation for first year life care expenses ($16,656.05), lost earnings ($850,000.00), pain and suffering ($200,000.00), and past unreimbursable expenses ($854.12), in the form of a check payable to Petitioner, and**

**(2) An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

Stipulation at ¶ 8. These amounts represent compensation for all damages that are available under 42 U.S.C. § 300aa-15(a).

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora B. Dorsey<br>
Nora B. Dorsey<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ███████████████, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | No. 17-126V |
| SECRETARY OF HEALTH ) | Special Master Dorsey |
| AND HUMAN SERVICES, ) | ECF |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. ███████████████, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition and amended petition seek compensation for Parsonage-Turner Syndrome ("Brachial Neuritis") in her right shoulder, which was caused by a Tetanus, Diphtheria, acellular Pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her vaccination on March 29, 2016.

3. The vaccination was administered within the United States.

4. On August 3, 2017, respondent filed his Rule 4(c) report noting that petitioner sustained the onset of brachial neuritis within the time period set forth in the Table following administration of the Tdap vaccine, and experienced the residual effects of her injury for more than six months.

5. There is not a preponderance of the evidence demonstrating that petitioner's brachial neuritis and its residual effects were due to a factor unrelated to the Tdap vaccine.

6. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

7. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Program for her Table injury. Therefore, a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $1,067,510.17, which amount represents compensation for first year life care expenses ($16,656.05), lost earnings ($850,000.00), pain and suffering ($200,000.00), and past unreimbursable expenses ($854.12), in the form of a check payable to petitioner; and
>
> b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that are available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.      A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b.      Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
>
> c.      Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
>
> d.      Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, ███████████, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows for the following life care items available under 42 U.S.C. §300aa-15(a).

    a. For future unreimbursable Neurologist expenses, beginning on the first anniversary of the date of judgment, an annual amount of $267.00 to be paid up to the anniversary of the date of judgment in year 2046. Thereafter, beginning on the anniversary of the date of judgment year 2046, an annual amount of $53.40 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    b. For future unreimbursable Occupational Therapy, Physical Therapy, and YMCA expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,412.00 to be paid up to the anniversary of the date of judgment in year 2046. Thereafter, beginning on the anniversary of the date of judgment year 2046, an annual amount of $772.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    c. For future unreimbursable Massage expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,320.00 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    d. For future unreimbursable Home Attendant Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $9,984.00 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    d. For future unreimbursable Advil Dual Action, Zzz Quil, One Handed Tool and Equipment, Shower Chair, and Heating Pad expenses, beginning on the first anniversary of the date of judgment, an annual amount of $383.80 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner

3

will continue to receive the annuity payments from the Life Insurance Company only so long as she, ▓▓▓▓▓▓▓▓, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of ▓▓▓▓▓▓▓▓'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

4

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on March 29, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about January 27, 2017, as amended March 11, 2017, in the United States Court of Federal Claims as petition No. 17-126V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

5

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. The Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner's injury or any other injury or her current condition; however, petitioner has satisfied the Table criteria to establish entitlement to compensation.

21. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

**PETITIONER:**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Leah V. Durant*

LEAH V. DURANT, ESQ.
1717 K Steet, NW, Suite 900
Washington, DC 20006
Tel: (202) 775-9200

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Heather L. Pearlman*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

George R. Grimes -S14
Digitally signed by George R. Grimes -S14
Date: 2022.08.19 15:01:56 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: 08/30/2022

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Colleen C Hartley by Heather L Pearl*

COLLEEN C. HARTLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3644
Email: colleen.hartley@usdoj.gov

7