# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 16, 2023

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *
E. H.,                             *      UNPUBLISHED
                                   *
              Petitioner,          *      No. 17-126V
                                   *
v.                                 *      Special Master Dorsey
                                   *
SECRETARY OF HEALTH                *      Attorneys' Fees and Costs
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
*  *  *  *  *  *  *  *  *  *  *  *  *  *
```

Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, D.C., for Petitioner.
Colleen Clemons Harley, U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 27, 2017, E.H. ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.,[2] ("Vaccine Act"). Petitioner alleged as the result of a Tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on March 29, 2016, she suffered brachial neuritis. Petition at Preamble (ECF No. 1). On August 30, 2022, the parties filed a stipulation, which the undersigned adopted

---

[1] This Decision will be posted on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

as her decision awarding compensation on August 31, 2022.  Decision Based on Stipulation dated Aug. 31, 2022 (ECF No. 145).

On April 28, 2023, Petitioner filed an application for attorneys' fees and costs. Application for Attorneys' Fees and Costs ("Pet. Mot."), filed Apr. 28, 2023 (ECF No. 157). Petitioner requests compensation in the amount of $342,187.48, representing $307,489.20 in attorneys' fees and $34,698.28 in costs.  Id. at 1. Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred costs totaling $31.95 in pursuit of her claim.  Id. Respondent filed a response on May 1, 2023, indicating "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed May 1, 2023, at 2 (ECF No. 158).  On May 2, 2023, Petitioner filed a reply, reiterating Petitioner's request for attorneys' fees and costs.  Pet. Reply to Resp. Response, filed May 2, 2023 (ECF No. 159).  The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $335,750.45.

## I.     DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1). In this case, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

### a.     Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y under of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the

2

special master may reduce a fee request <u>sua sponte</u>, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. <u>See</u> <u>Sabella v. Sec'y of Health & Hum Servs.</u>, 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. <u>Broekelschen v. Sec'y of Health & Hum. Servs.</u>, 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. <u>Wasson v. Sec'y of Health & Hum. Servs.</u>, 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), <u>rev'd on other grounds and aff'd in relevant part</u>, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." <u>Saxton</u>, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her attorneys: for Ms. Leah Durant, $350.00 per hour for work performed in 2016, $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, $441.00 per hour for work performed in 2022, and $463.00 per hour for work performed in 2023; for Mr. Michael Milmoe, $455.00 per hour for work performed in 2018, $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, $509.00 per hour for work performed in 2021, and $525.00 per hour for work performed in 2022; and for Christopher Williams, $325.00 per hour for work performed in 2021, and $341.00 per hour for work performed in 2022. These rates are consistent with what these attorneys and their paralegals have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein for work performed in the instant case.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. <u>See</u> <u>Florence v. Sec'y of Health & Hum. Servs.</u>, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing <u>Fox v. Vice</u>, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. <u>Bell v. Sec'y of Health & Hum. Servs.</u>, 18 Cl. Ct. 751, 760 (1989); <u>Rodriguez v. Sec'y of Health & Hum. Servs.</u>, No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. <u>Rodriguez</u>, 2009 WL 2568468, at *8.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable. However, the undersigned notes Counsel billed for

noncompensable work (e.g., filing documents)[3] and administrative work (e.g., obtaining medical records)[4] at an attorney rate, and frequently engaged in block billing, with vague entries.[5]  These issues are not new to Ms. Durant.  See Hernandez v. Sec'y of Health & Hum. Servs., No. 18-731V, 2023 WL 2339333, at *2 (Fed. Cl. Spec. Mstr. Mar. 3, 2023) (reducing attorneys' fees by two percent due to vagueness, block billing, and excessive communication with Petitioner); Middlebrooks v. Sec'y of Health & Hum. Servs., No. 16-1413V, 2021 WL 5411100, at *2-3 (Fed. Cl. Spec. Mstr. Oct. 19, 2021) (same); Terrell v. Sec'y of Health & Hum. Servs., No. 13-334V, 2017 WL 1130947, at *2-4 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) (reducing attorneys' fees by two percent due to administrative work and paralegal work billed at an attorney rate and cautioning against block billing).

Accordingly, the undersigned shall reduce the final award of attorneys' fees by two percent, resulting in a reduction of $6,149.78.[6]  Petitioner is therefore awarded final attorneys' fees of $301,339.42.

### b.    Attorneys' Costs

Petitioner requests a total of $34,698.28 in attorneys' costs.  This amount is comprised of acquiring medical records, the Court's filing fee, postage, professional review of medical records, economist review, and life care planning assessments.  The undersigned has reviewed the requested costs and finds them to be mostly reasonable and supported with appropriate documentation.

However, she must deduct costs related to Petitioner's counsel flight from Washington, DC to New Orleans, LA in August 2018.  Counsel purchased first-class airline tickets.  No reasoning to support her first-class ticket was provided.  It is well-established that the Vaccine Program does not compensate for upgraded methods of travel, such as first-class airfare.  See,

---

[3] These entries are dated January 27, 2017, February 1, 2017, March 11, 2017, April 24, 2017, May 13, 2017, September 8, 2017, September 29, 2017, October 6, 2017, January 2, 2018, April 11, 2018, June 29, 2018, August 14, 2018, September 24, 2018, April 10, 2018, May 28, 2019, June 13, 2019, July 15, 2019, July 31, 2019, August 22, 2019, December 23, 2019, February 6, 2020, March 9, 2020, April 8, 2020, August 14, 2020, September 18, 2020, November 3, 2020, November 17, 2020, December 1, 2020, December 21, 2020, February 19, 2021, May 6, 2021, May 25, 2021, July 12, 2021, October 4, 2021, November 3, 2021, January 5, 2022, January 7, 2022, February 4, 2022, February 22, 2022, March 7, 2022, April 6, 2022, April 12, 2022, May 6, 2022, May 18, 2022, August 30, 2022, September 13, 2022, September 21, 2022, September 28, 2022, and October 11, 2022.

[4] For example, see entries dated August 25, 2016, December 23, 2016, and April 14, 2017.  This is not an exhaustive list.

[5] For example, many entries state "review file, "client call," and "coordinate with client."  This is not an exhaustive list.

[6] $307,489.20 x 0.02 = $6,149.78

e.g., <u>Kreten v. Sec'y of Health & Hum. Servs.</u>, No. 15-504V, 2018 WL 6819553 (Fed. Cl. Spec. Mstr. Nov. 30, 2018); <u>Sharpe v. Sec'y of Health & Hum. Servs.</u>, No. 14-065V, 2018 WL 3990867 (Fed. Cl. Spec. Mstr. July 6, 2018); <u>McCulloch v. Sec'y of Health & Hum. Servs.</u>, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  This is not a new issue to Ms. Durant.  <u>See</u> <u>Cooper v. Sec'y of Health & Hum. Servs.</u>, No. 16-1387V, 2019 WL 6357349, at *2 (Fed. Cl. Spec. Mstr. Sept. 25, 2019); <u>Kreten</u>, 2018 WL 6819553, at *4-5.  The undersigned will cut this cost by 50%, resulting in a reduction of $319.20.[7]

     **c.**    **Petitioner's Costs**

Pursuant to General Order No. 9, Petitioner has indicated that she has personally incurred costs totaling $31.95 in pursuit of her case.  This amount is comprised of acquiring notary services and mailing and shall be fully reimbursed.

## II.  CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $307,489.20 |
| (Total Reduction from Billing Hours) | - ($6,149.78) |
| **Total Attorneys' Fees Awarded** | **$301,339.42** |
| | |
| Attorneys' Costs Requested | $34,698.28 |
| (Reduction of Costs) | - ($319.20) |
| **Total Attorneys' Costs Awarded** | **$34,379.08** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$335,718.50** |
| | |
| **Petitioner's Costs** | **$31.95** |
| | |
| **Total Amount Awarded** | **$335,750.45** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum of $335,718.50, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Leah Durant; and**

2) **a lump sum of $31.95, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

---

[7] $638.40 x 0.5 = $319.20.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.